\            IN THE COURT OF APPEALS OF TENNESSEE
                         AT JACKSON

        **NANCY M. ARMSTRONG ERWIN v. RICHARD V. ERWIN**

        **Direct Appeal from the Chancery Court for Shelby County**
        **No. D28628-3     The Honorable D. J. Alissandratos, Chancellor**

        _____

        **No. W1998-00801-COA-R3-CV - Decided June 26, 2000**

        _____

**Judge Crawford Concurs in Part and Dissents in Part.**

        While I concur in the majority opinion in substantial part, I dissent concerning the alimony *in futuro* award. The trial court concluded that Husband had an earning capacity of approximately $60,000.00, and used this conclusion in calculation of the award of child support in the amount $1,000.00 per month, and an award of alimony *in futuro* of $500.00 per month. The record reflects that Husband qualified for and is currently receiving his retirement pay from Memphis Light, Gas and Water Division of approximately $2,300.00. As a division of marital property, Wife was awarded forty percent of Husband's retirement or approximatley $900.00 per month. Wife is gainfully employed and with the approximate $1,400.00 per month she receives in the division of marital property and alimony *in futuro*, she appears to be adequately provided for.

        Notwithstanding the fact that Husband's ability to pay will increase when his child support obligation is eliminated, there is no indication that the needs of Wife will increase to that extent. Accordingly, I feel that the award of $500.00 per month alimony *in futuro* should not be increased automatically, but should depend upon a material change of circumstances, if, in fact, such occurs.

        Accordingly, I dissent from this part of the majority opinion and concur in the remainder thereof. I would reverse the trial court's automatic increase of alimony *in futuro* as provided for in the final decree.